# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LEVON VICTOR BELL, GDC # 1112513, Plaintiff, v. STATE BOARD OF PARDONS AND PAROLE, STATE OF GEORGIA, Defendant. | : : : : : : : : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 CIVIL ACTION NO. 1:11-CV-3919-TWT-CCH |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff, Levon Victor Bell, an inmate at the Hays State Prison in Trion, Georgia, has filed the instant *pro se* civil rights action under 42 U.S.C. § 1983. [Doc. 1]. For the purpose of dismissal only, Plaintiff is **GRANTED** *in forma pauperis* status, and the matter is presently before the Court for a 28 U.S.C. § 1915A review. For the reasons stated below, it is **RECOMMENDED** that the complaint be dismissed as frivolous.

I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim

is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

AO 72A
(Rev.8/82)

## II. Plaintiff's Allegations

Plaintiff sues the Georgia Board of Pardons and Parole ("Board"), alleging that the Board has violated his rights by departing from its "mandatory grid guideline" and requiring Plaintiff to serve 90% of his sentence prior to being considered for parole. According to Plaintiff, he was sentenced to 35 years, with 20 years to serve in prison and the remainder to be served on probation. Plaintiff contends that, after he had served one-third of his sentence, he received his grid sheet from the Board, indicating that the Board had decided to depart from the guidelines due to the nature of his crime. Plaintiff alleges that his tentative parole date is December of 2019, which would require him to serve 19 years on a 20-year sentence. Plaintiff asks the Court to require the Board to apply its mandatory grid guideline system to him and reconsider his tentative parole date.

## III. Discussion

The United States Court of Appeals for the Eleventh Circuit has held that Georgia's parole system does not create a legitimate expectation of parole, "so that Georgia inmates have no liberty interest in parole." *Heard v. Georgia Bd. of Pardons and Paroles*, 222 F. App'x 838, 840 (11th Cir. 2007) (citing *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001), *Sultenfuss v. Snow*, 35 F.3d 1494, 1502 (11th Cir. 1994)). Moreover, it "is well-settled that there is no federal constitutional right to parole."

3

*Jones*, 279 F.3d at 946. "Where there is no liberty interest in parole, 'the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness.'" *Heard*, 222 F. App'x at 840 (quoting *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995)). Indeed, the Board has "significant discretion" in its application of, and departure from, the parole decision guidelines. *Sultenfuss*, 35 F.3d at 1501. Accordingly, Plaintiff's claim that his rights have been violated because the Board departed from the guidelines is without merit and should be dismissed.

IV. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant action be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to withdraw the reference to the undersigned magistrate judge.

**IT IS SO ORDERED AND RECOMMENDED** this 15th day of December, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)